IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OHIO ENVIRONMENTAL COUNCIL,

    Plaintiff,

    v.

UNITED STATES FOREST SERVICE, *et al.*,

    Defendants.

Civil Action 2:21-cv-4380
Chief Judge Algenon L. Marbley
Magistrate Judge Jolson

## JOINT MOTION TO VACATE PRELIMINARY PRETRIAL CONFERENCE AND ASSOCIATED RULE 26(f) REPORTING

Plaintiff brings this lawsuit for review of a final agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. Because judicial review of agency action under section 706 of the APA is generally limited to a review of the administrative record, the parties jointly move to vacate the Preliminary Pretrial Conference scheduled for October 28, 2021, and the submission of the Court's Rule 26(f) Report of the Parties (Notice of Preliminary Pretrial Conference, ECF No. 6.).

Rule 26 of the Federal Rules of Civil Procedure exempts "actions for review on an administrative record" from both initial disclosures and the 26(f) conference of the parties. Fed. R. Civ. P. 26(a)(1)(B)(i); 26(f)(1). When bringing a petition for judicial review of a final agency decision under the APA, the focal point for the Court's review is the administrative record, not a new record made initially in district court. *See, e.g., Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985); *S. Forest Watch, Inc. v. Jewell*, 817 F.3d 965, 977 (6th Cir. 2016); *Davidson v. U.S. Dep't of Energy*, 838 F.2d 850, 856

1

(6th Cir. 1988) (when evaluating agency action under the APA, the Court "examine[s] only the administrative record"). Thus, a petition to review a final agency decision under the Administrative Procedure Act is not like "any garden variety civil suit." *Los Angeles v. Shalala*, 192 F.3d 1005, 1011 (D.C. Cir. 1999). This is because "'the district court does not perform its normal role' but instead 'sits as an appellate tribunal.'" *Id*. (quoting *PPG Indus., Inc. v. United States*, 52 F.3d 363, 365 (D.C. Cir. 1995)).

The parties conferred via telephone and email to discuss the status of this litigation, and by email to discuss the Court's Notice of Hearing and Rule 26(f) Report and a litigation schedule.

The parties agree that the Court's vacating the 26(f) conference is without prejudice to any party later requesting a judicial conference to resolve unanticipated issues, such as whether the administrative record should be supplemented, if the parties cannot resolve those issues on their own.

In lieu of a 26(f) Report, the parties submit a Proposed Case Management Plan with this Motion.

Respectfully submitted on this 21st day of October, 2021.

*/s/ Nathan Johnson*
NATHAN JOHNSON (OH Bar 0082838)
Trial Attorney
Ohio Environmental Council
1145 Chesapeake Ave., Suite I
Columbus, OH 43212
(614) 487-5841
NJohnson@theOEC.org

*Attorney for Plaintiff*

2

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ Paul G. Freeborne*
PAUL G. FREEBORNE
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:  (202) 532-5271; Fax:  (202) 305-0506
paul.freeborne@usdoj.gov

Attorney for Federal Defendants

## **CERTIFICATE OF SERVICE**

I certify that on October 21, 2021, I filed the foregoing Joint Motion to Vacate Preliminary Pretrial Conference and Associated Rule 26(F) Reporting using the Court's ECF system, which will provide service to all counsel of record.

*/s/ Nathan Johnson*
Nathan Johnson
(OH Bar # 0082838)
*Attorney for Plaintiff*
