IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OHIO ENVIRONMENTAL COUNCIL,

        Plaintiff,         Civil Action 2:21-cv-4380
                                        Chief Judge Algenon L. Marbley
    v.                              Magistrate Judge Kimberly A. Jolson

UNITED STATES FOREST SERVICE, et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Modify the Scheduling Order (Doc. 16) and Motion for Leave to File First Amended Complaint (Doc. 17). Each Motion is addressed in turn.

**I. MODIFY SCHEDULING ORDER**

Because Plaintiff has timely filed its Motion for Summary Judgment (*see* Docs. 8, 18), Plaintiff withdraws its Motion to Amend the Scheduling Order (Doc. 16). (Doc. 20 at 1). Accordingly, the Motion to Amend the Scheduling Order (Doc. 16) is **DENIED as moot** and the Scheduling Order (Doc. 8) remains intact.

**II. LEAVE TO AMEND COMPLAINT**

Plaintiff's unopposed Motion for Leave to File First Amended Complaint (Doc. 17) is **GRANTED**. Plaintiff seeks to add new legal theories after its review of the administrative record. (*Id.* at 1). Defendants do not oppose the Motion. (Doc. 2 at 1–2).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, when a party must seek leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the

technicalities of the pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *Sims v. Time Warner Cable Inc.*, No. 2:17-CV-631, 2018 WL 6427249, at *2 (S.D. Ohio Dec. 7, 2018) (citation omitted). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment and futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Amendment is appropriate here. The Court find no dilatory motive, and because there is no deadline to file an amended complaint (*see* Doc. 8), Plaintiff's Motion is not late. Further, Defendants will not be unduly prejudiced by the amendment. *See Foman*, 371 U.S. at 182. Indeed, defense counsel did not object to the amendment. (Doc. 2 at 1–2). For these reasons, and in light of the liberal policy favoring amendment, Plaintiff's unopposed Motion (Doc. 17) is **GRANTED**. The Clerk is **DIRECTED** to file Doc. 17-3 as the Amended Complaint.

In Defendants' Response, they make several requests in light of Plaintiff's Motion to Amend. (Doc. 19 at 3). Plaintiff does not oppose these requests. (*See* Doc. 20). Accordingly, Federal Defendants' obligation to file a separate answer to the First Amended Complaint is **WAIVED**. Federal Defendants may rest on their filed answer to preserve any and all affirmative defenses and to supplement the administrative record, as necessary, to address the new claims and theories of liability in the amended complaint. Federal Defendants are **PERMITTED** to address Plaintiff's new arguments in summary judgment briefing.

IT IS SO ORDERED.


Date: June 17, 2022                                       s/ Kimberly A. Jolson
                                                                                                                        KIMBERLY A. JOLSON
                                                                                                                        UNITED STATES MAGISTRATE JUDGE