TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

PAUL G. FREEBORNE
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:  (202) 532-5271; Fax:  (202) 305-0275
paul.freeborne@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| OHIO ENVIRONMENTAL COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FOREST SERVICE, RANDY MOORE in his official capacity as Chief of the United States Forest Service; CARRIE GILBERT in her official capacity as Forest Supervisor for the Wayne National Forest; TIM SLONE in his official capacity as District Ranger for the Ironton Ranger District of the Wayne National Forest,<br><br>Defendants. | Case No.  2:21-cv-4380-ALM-KAJ<br><br>Chief Judge Algenon L. Marbley<br>Magistrate Judge Kimberly A. Jolson<br><br>**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

The Court should exercise its discretion and deny Plaintiff's Motion for Leave to File a Second Amended Complaint for Decl. and Inj. Relief, ECF No. 40 ("Pl's Mot."). The parties have fully briefed summary judgment, and the Court has scheduled oral argument. Granting Plaintiff's belated motion would significantly prejudice Federal Defendants by requiring defense of a claim that should have been raised over a year ago, delaying the resolution of this case and the implementation of the Sunny Oaks Project ("Project").

The Court, moreover, already permitted Plaintiff to amend the complaint—on the same day its summary judgment brief was due. Plaintiff's failure to cure the deficiencies in the complaint at that time further counsels against granting leave at this late juncture. Indeed, Plaintiff's repeated failure to timely and properly raise arguments during the agency's mandatory administrative process and in summary judgment briefing has already prejudiced Federal Defendants by requiring them to respond to such arguments outside of the normal and expected procedures for record review cases that the Court adopted in its Scheduling Order. Plaintiff should not be permitted to compound such prejudice by further amending its complaint.

Permitting Plaintiff to further amend the complaint would also be futile. Plaintiff failed to administratively exhaust any claim that the Forest Service did not comply with the Forest Service Plan Guideline (GFW-VEG-11, hereinafter "VEG-11 Guideline") which directs the Forest Service to "leave approximately 15 to 30 square feet of basal area per acre uncut." AR19447. By failing to exhaust its administrative remedies, Plaintiff waived any right to raise this claim for the first time in this litigation. And, even if the VEG-11 Guideline claim could be properly added to the complaint, Plaintiff waived its right to pursue this new claim by failing to include it in its opening brief.

And finally, contrary to Plaintiff's repeated argument that the Forest Service somehow "deviated" or "depart[ed]" from that Guideline in rejecting Plaintiff's preferred alternative for the Sunny Oaks Project, the Forest Service properly retained 15 square feet of basal area per acre uncut, a level within the acceptable range provided by the VEG-11 Guideline. For any one of these reasons the Court should deny leave to further amend the complaint.

2

**ARGUMENT**

**I.     The Court Should Exercise its Discretion and Deny Further Amendment.**

Federal Rule of Civil Procedure 15(a)(2) directs that leave to amend should be "freely give[n]," "when justice so requires." Justice does not permit leave to amend, however, in cases of [1] "[u]ndue delay in filing" that "undue[ly] prejudice . . . the opposing party," or [2] when there is a "repeated failure to cure deficiencies by previous amendments." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (citing *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing that justice does not permit leave under such circumstances). Because both of these circumstances are present here, and separately provide the Court with discretion to deny Plaintiff further leave to amend its complaint at this late juncture, the Court should deny Plaintiff's motion.

**A.     Plaintiff Should Not be Granted Further Leave to Amend the Complaint After the Close of Briefing and After the Court Scheduled Oral Argument.**

While Rule 15(a)(2) is to be liberally construed to permit amendment where justice so requires, a party seeking leave to amend must nonetheless "'act with due diligence if it wants to take advantage of [Rule 15's] liberality.'" *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (quoting *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995)). Further, when an "amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade*, 259 F.3d at 459.

By any measure, Plaintiff has unduly delayed in seeking leave to further amend its complaint. Plaintiff's motion comes over a year after its filing of the September 9, 2021 original complaint, ECF No. 1, six months after its June 17, 2022 first amended complaint, ECF No. 22, over forty days after the close of summary judgment briefing on October 28, 2022, ECF No. 38, and after the Court scheduled oral argument in this fully briefed matter, ECF No. 39.

3

And despite its burden to now "show justification" for failing to move for leave earlier, the only justification Plaintiff offers is that it was not aware of its VEG-11 Guideline claim until the Forest Service corrected the administrative record to include the Forest Plan. *See* Pl's. Mot., ECF No. 40 at PageID 2039. But the Court should reject that explanation. The Wayne's Forest Plan, and its guidelines, have long been available to Plaintiff on the Forest Service's website. *See* https://www.fs.usda.gov/detail/wayne/landmanagement/planning/?cid=fsm9_006005 (last visited on December 29, 2022). Furthermore, the Forest Service has consistently incorporated the Forest Plan in the Sunny Oaks Project documents.[1] Indeed, Plaintiff began referencing the Forest Plan guidelines and standards ***four years*** before its motion and the Forest Service's July 28, 2022 corrected administrative record, ECF 23. Plaintiff did so in its May 1, 2018 scoping comments on the Project, and has continued doing so since in its submissions on the Project. *See e.g.*, AR982 & 988 (scoping comments referencing Plan standards and guidelines) AR13823-24 (Plaintiff's objections referencing Plan standards and guidelines).

Moreover, even if the Forest Plan had not been publicly available, the timing of its inclusion in the administrative record would still not excuse Plaintiff's undue delay in seeking further leave to amend. The Forest Service filed the corrected record, including the Forest Plan, on July 28, 2022, ECF No. 23, and still Plaintiff waited more than five months before filing its motion seeking further leave to amend. Pl's. Mot., ECF No. 40. In addition, as noted in Plaintiff's motion, Plaintiff has had a draft of its second amended complaint, ECF No. 40-2 PageID 2089, as well as Federal Defendants' response that they would oppose further amendment, ECF No. 40-3 PageID 2129, since at least the week that Federal Defendants filed

---

[1] The Forest Plan was incorporated by reference in both the January 2020 Draft Decision Notice and Finding of No Significant Impact, AR13430, and the November 2020 Final Decision Notice and Finding of No Significant Impact, AR19333. It was also referenced repeatedly in the December 2018 Environmental Assessment ("EA") for the Project. *See* AR13516, AR13556, AR10228, AR10234.

4

their reply brief. Plaintiff fails to explain why it decided to sit on its motion for over forty days after summary judgment briefing closed—and until after the Court scheduled oral argument—to seek further leave to amend its complaint.

Perhaps recognizing that it is unable to provide any colorable explanation for its undue delay, Plaintiff also seeks to argue that it provided Defendants "fair notice" of its VEG-11 Guideline claim by improperly raising that claim for the first time in its summary judgment reply brief. Pl's Mot., ECF No. 40 at PageID 2042. Only a specifically pled complaint, however, puts a defendant on notice that it will need to defend an additional claim. *See Wade*, 259 F.3d at 459 (ruling that complaint that alleged race discrimination and retaliation "did not put defendant on notice that it would have to defend claims of discrimination based on disability").[2]

Finally, Plaintiff argues that "undue delay," alone, is not grounds to deny a motion to amend. Pl's Mot., ECF No. 40 at PageID 2038. That may be, but "[t]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (internal citation and quotation omitted). Granting leave here would not only require Federal Defendants to defend a new claim after summary judgment has been briefed and oral argument set, but also threatens to significantly delay resolution of the litigation and, by extension, delay the implementation of this critical natural resource project.

The Court should thus deny further amendment given Plaintiff's undue delay and the significant prejudice that would result from granting leave. Other district courts have denied leave, when, as here, the parties have "fully briefed" summary judgment and are awaiting decision. The Sixth Circuit has repeatedly affirmed those decisions as well within the court's

---

[2] As also discussed *infra* in Section II.A, Plaintiff failed to raise its VEG-11 Guideline claim during the Forest Service's mandatory administrative process. This failure goes beyond mere pleading, and precludes Plaintiff from remedying its waiver through further amendment.

discretion to make under Rule 15(a)(2). *See e.g.*, *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007) (recognizing that district court acted within its discretion in denying leave to amend after parties had "fully briefed" summary judgment motions); *Siegner v. Twp. of Salem*, 654 F. App'x 223, 228-29 (6th Cir. 2016) (recognizing that allowing an amendment after "summary judgment motions are 'fully briefed'" constitutes significant prejudice) (citing *Prater*, 505 F.3d at 445 and *Duggins v. Steak 'N Shake, Inc.*, 828, 834 (6th Cir. 1999)). Federal Defendants request that the Court follow that precedent here and deny Plaintiff's motion.

      **B.    Plaintiff's Failure to Cure Deficiencies through its First Amended Complaint Militates Against Granting Leave to Further Amend.**

The Court can also deny Plaintiff's motion for the independent reason that Plaintiff has already been afforded the opportunity to file an amended complaint to cure any deficiencies. On the same day its summary judgment motion was due, Plaintiff moved to amend its complaint and to "modify the dispositive motions deadlines to accommodate the filing of Plaintiff's . . . First Amended Complaint." Mot. to Modify Sched. Order, ECF No. 16 at PageID 228; Pl's Mot. for Leave to File First Am. Compl. For Decl. and Inj. Relief, ECF No. 17 at PageID 254. Federal Defendants agreed not to oppose leave to amend the complaint provided "that amendment does not delay resolution of this case and the implementation of the critical Sunny Oaks project." *See* Opp. to Pls. Mot. to Modify Scheduling Order and Resp. to Pls. Mot. for Leave to Amend., ECF No. 19 at PageID 384. To that end, Federal Defendants proposed that the Court allow Plaintiff to amend the complaint provided that the parties are permitted to address "Plaintiff's new arguments in summary judgment briefing" so that the Court could issue a prompt decision. *Id.* at PageID 385. That process, which was adopted by the Court in its Order, ECF No. 21, was more than sufficient to accommodate Plaintiff's ever-changing arguments challenging the Forest Service's authorization for the Sunny Oaks Project. No grounds exist to permit Plaintiff to make further amendments, when Plaintiff failed to take advantage of the opportunity afforded to it by

6

the Court and cure any deficiencies in its first amended complaint. *See Wade*, 259 F.3d at 458-59 recognizing that leave to amend can be denied under Rule 15(a)(2) because of repeated failure to cure deficiencies in complaint, particularly when it is sought at late stage in litigation).

As detailed in Federal Defendants summary judgment briefing, moreover, Plaintiff has abused the latitude afforded to it by repeatedly attempting to make arguments that it failed to make during the agency's administrative process, including the new VEG-11 Guideline claim that it now seeks to make in the litigation. *See* Fed. Defs. Cross-Mot. for S.J. & Opp. to Pl's Mot. for S.J., ECF No. 24 at PageID 1910-13; Fed. Defs. Reply Br. in Support of Mot. for S.J., ECF No. 38 at PageID 2017-21, 2025, 2032 (noting that Plaintiff forfeited argument regarding Project's purported impact on fungal soils and networks, and that Project purportedly violated SFW-TES-12 and VEG-11 Guideline, by failing to raise arguments in its objections to Project).

Plaintiff has also sought to include new arguments that it failed to raise in its opening brief, including (again) the VEG-11 Guideline claim. *See* Pl's Opp. to Fed. Defs. X-Mot. for S.J. and Reply, ECF No. 37 at PageID 2003-04 (arguing for first time in its reply brief that the Forest Service failed to consider reasonable range of project alternatives); PageID 2004-12 (arguing for first time in reply brief that Project violated National Forest Management Act and departed and deviated from certain Forest Plan standards and guidelines, including VEG-11 Guideline). The Court should not countenance Plaintiff's attempt to continue to "recast" its claims by permitting further amendment, when Plaintiff has already abused prior accommodations and has attempted to make arguments outside of the briefing scheduled in the Court's Scheduling Order. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (recognizing impropriety and prejudice of permitting party to "'recast' their claims at [a] late stage in the proceedings" without any "good cause" to do so outside scheduling order).

**II.     Permitting Further Amendment Would Also By Futile.**

Finally, the Court should deny further leave to amend because it would be futile. *Prater*, 505 F.3d at 445. Plaintiff failed to administratively exhaust its VEG-11 Guideline claim by not raising it during the Forest Service's mandatory administrative process, and also waived it by failing to raise it in its opening brief, rendering any late-stage amendment of their complaint futile. Furthermore, Plaintiff's proposed amendment fails as a matter of law because the Forest Service acted well within the flexibility provided by the VEG-11 Guideline and Forest Plan, generally.

> **A.     Plaintiff Failed to Exhaust its VEG-11 Guideline Claim By Failing to Raise it in Either its Comments or Objections to the Sunny Oaks Project.**

"Persons challenging an agency's compliance with NEPA must 'structure their participation so that it . . . alerts the agency to the [party's] position and contentions,' in order to allow the agency to give the issue meaningful consideration." *Dep't of Transp. v. Pub. Citizen*, 541 U.S. 752, 764 (2004) (alteration in original) (quoting *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 553 (1978)). Here, the Forest Service's mandatory administrative process obligated Plaintiff to set forth its VEG-11 Guideline claim in its objections to the Project. *See* 7 U.S.C. § 6912(e), 36 C.F.R. §§ 218.1-218.16 (setting forth mandatory administrative process). Having consistently failed to exhaust its administrative remedies by raising its VEG-11 Guideline claim in either its comments or objections to the Sunny Oaks Project, as required, Plaintiff long ago "forfeited" its right to litigate this claim in district court. *Pub. Citizen*, 541 U.S. at 764; *see also Native Ecosystems Council v. Kimbell*, No. CV 04-127-M-DWM at *10-11, 2006 WL 8430971 (D. Mont. Aug. 29, 2006) (recognizing that party is barred from pursuing claims not raised in administrative process); *Native Ecosystems Council v. Lannom*, No. CV 21-22-M-DWM, at *3-5, 2022 WL 1001493 (D. Mont. April 4, 2022), amended, No. CV 21-22-M-DWM, 2022 WL 2309011 (D. Mont. Apr. 25, 2022) (same).

For its part, the Forest Service was consistent and clear in its explanations during the administrative process leading up to the Sunny Oaks Decision Notice that the Project's two-age stands would retain only 15 square feet of basal area. In the Project's EA, the Forest Service explained that Plaintiff's proposed alternative of retaining all mature, acorn producing oaks would not be considered in detail because that alternative would retain so much basal area that it would actually be detrimental to oak regeneration, contrary to sound silvicultural practice. AR13586-87, AR13572. The Forest Service disclosed that the research revealed a limit to the amount of overstory that could be retained without suppressing oak saplings and "found that 15 square feet of basal area doesn't interfere with growing regeneration." *Id.*[3] In the wake of the Forest Service's clear explanation, Plaintiff recognized that two-age stands would retain a maximum of 15 square foot of basal area, but failed to assert in its comments on the Project that the Forest Service's retention of 15 square foot basal area was not in compliance with the VEG-11 Guideline. AR10423-39 (Plaintiff's comments), AR10441 (comment letter cross-referenced and submitted by Plaintiff noting Project would retain 15 square feet of basal area).

Furthermore, the Forest Service's response to Plaintiff's comments again specifically and repeatedly pointed out that one of the many reasons Plaintiff's alternative was not being considered in detail was because it proposed retaining more than 15 square feet of basal area. *See* AR13681 (Response to Comment No. 14-6, cross-referencing Purpose and Need Discussion, *supra*, at AR13586-57 stating that only 15 square feet of basal area will be retained in two-age stands, and cross-referencing a detailed discussion of other reasons for the rejection of Plaintiff's proposed alternative at Response to Scoping Comment 55-3, AR13652-53). The Forest Service

---

[3] The Purpose and Need presentation laid out the plan for the two aged stands, that would generally consist of the best oak stands, and stated that in these stands "a maximum of 15 square feet of basal area, which is a measurement of how many trees are kept after the cut, would be retained" as an "average[] across the harvest area." AR13572.

9

then published the Draft Decision Notice that again made clear that the Project would retain only 15 square feet of basal area in two-age stands and that this was one reason Plaintiff's proposed alternative was rejected. AR13420, AR13425.

Notwithstanding the additional explanation in the Forest Service's response to Plaintiff's comments and the Draft Decision Notice, Plaintiff failed to file any objection alleging that the Project violated the basal area retention provision of the VEG-11 Guideline. And Plaintiff did so while acknowledging that the Forest Service rejected its proposed alternative because it would have retained basal area in excess of 15 square feet—and despite making multiple references in its objections to other Forest Plan Standards and Guidelines. *See* AR13819-37 (referencing Plan Standards SFW-TES-7, AR13823-24, and SFW-TES-12, AR13822-23; and Plan Guidelines GFW-ARR-2, AR13824, and GFW-TES-9, AR13823). Having failed to raise any VEG-11 Guideline argument in its objection during the Forest Service's mandatory administrative process, Plaintiff forfeited any right to now present this claim in its complaint. *See Idaho Sporting Cong., Inc. v. Rittenhouse*, 305 F.3d 957, 965 (9th Cir. 2002) ("Statutes and regulations governing actions of the Forest Service reiterate the administrative exhaustion requirement."); *Lannom*, 2022 WL 1001493, at *3-4 (ruling that Plaintiff was precluded from pursuing claims in district court that it failed to properly raise during Forest Service's administrative process).

    **B.    Plaintiff Also Waived Any Argument Related to VEG-11 Guideline By Failing to Advance it in its Opening Summary Judgment Brief.**

It is also undisputed that Plaintiff failed to raise its VEG-11 Guideline claim in its opening summary judgment brief. Thus, even had Plaintiff properly raised this claim during the mandatory administrative process, it could not be presented in this litigation through amendment or otherwise. In short, "[r]aising the issue for the first time in a reply brief does not suffice; reply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Novosteel SA v.*

10

*U.S. Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (6th Cir. 2002). "As a matter of litigation fairness and procedure," Plaintiff waived its VEG-11 Guideline claim by failing to even move for summary judgment on that claim in its opening summary judgment brief. *Id*.

The district court cases that Plaintiff cites in it motion are not to the contrary. Pl's Mot., ECF No. 40 at PageID 2042-43. The cases Plaintiff relies upon instead recognize that "a claim raised *in response* to a summary judgment motion provides sufficient notice to the opposing party." *Peake v. Martinrea Farbo Hot Stamping, Inc.*, No. 09-CV-10348, 2011 WL 1118572, at *2 (E.D. Mich. March 28, 2011) (emphasis added) (citing other cases relied upon by Plaintiff, including *Vencor Inc. v. Standard Life & Accident Ins. Co.*, 317 F.3d 629, 641 n. 11 (6th Cir. 1994), *Howington v. Quality Rest. Concepts*, LLC 298 F. App'x 436, 442 n.6 (6th Cir. 2008)). Here, Plaintiff's VEG-11 Guideline claim was not offered *in response* to Federal Defendants' summary judgment motion; it was raised for the first time in Plaintiff's *reply* brief as an additional claim. The Court should thus apply *Novosteel* and rule that the claim is waived.

      **C.**    **The Forest Service Acted Well Within the Operational Flexibility Provided Under the VEG-11 Guideline and the Forest Plan Guidelines, Generally.**

Lastly, even if Plaintiff's amendment could overcome these hurdles, Plaintiff's VEG-11 Guideline claim fails as a matter of law. Further amendment is thus futile for this additional reason.

"[W]here a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment." *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993). The Forest Service acted within the express language of the VEG-11 Guideline in setting the retained basal area and thus Plaintiff's challenge under that Guideline would fail. The VEG-11 Guideline directs the Forest Service to "leave approximately 15 to 30 square feet of basal area per acre uncut." AR19447. The Forest Service acted within that range in choosing to leave 15 square feet of basal area uncut. The

11

Forest Service's choice within that range was supported by the silvicultural science and well within its discretion to make in implementing the Forest Plan for the Project. AR13586-87.

The Forest Plan, moreover, recognizes that, "in contrast to [Forest Plan] standards, guidelines permit some operational flexibility to respond to variations needed for specific situations." AR19417. The VEG-11 Guideline incorporates such operational flexibility by permitting the agency to retain "approximately" 15 to 30 feet of basal area, depending on the agency's silvicultural judgment, a project's purpose and need, and other considerations. *See* AR19447 ("Under two-aged regeneration harvests, leave approximately 15 to 30 square feet of basal area per acre uncut. Select leave tree species and distribution to meet wildlife habitat objectives.").

The Court should thus uphold the Forest Service's implementation of the Forest Plan's guideline. Indeed, even when the Forest Service is not acting under the express terms of the Forest Plan, and its guidelines, as here, "federal courts are required to defer to an agency's reasonable interpretation of its own guidelines." *Forest Guardians v. U.S. Forest Serv.*, 329 F.3d 1089, 1098 (9th Cir. 2003); *Cherokee Forest Voices v. U.S. Forest Serv.*, 182 F. App'x 488, 494 (6th Cir. 2006) (adopting *Forest Guardians* standard). When there is regulatory ambiguity, the Forest Service's interpretation of its Forest Plan will be upheld unless it is based on a "plainly erroneous" interpretation or is otherwise inconsistent with the terms of the Forest Plan. *Forest Guardians*, 329 F.3d at 1098.

Plaintiff's assertion that the Forest Service's implementation of the Forest Plan implicates *Auer*/*Kisor* deference is mistaken. Pl's Mot., ECF No. 40 at PageID 2045-47. Because choosing to retain 15 square feet is well within the plain text of a Guideline directing retention of "approximately 15 to 30 square feet," neither *Auer* nor *Kisor* deference need be analyzed here.

12

Such deference only comes into play where there is ambiguity under the Plan. *Kisor v. Wilkie*, 139 S. Ct. 2400, 2412 (2019). No such ambiguity is present in the VEG-11 Guideline, itself.

Nor, for the same reasons, has the Forest Service "depart[ed]" from the Forest Plan or Guideline. *See* Pl's Mot., ECF No. 40 at PageID 2039, 2045-48. Beginning with the December 2018 EA, and continuing through the public involvement process for the Project, the Forest Service specifically set forth the other Forest Plan guidelines that this Project would deviate from and provided explanations for such variations. AR13165, 13556 (EA Purpose & Need Section), AR10382 (screenshot of website during public comment period showing "Mitigations/Design Criteria" document that contains the guideline departures), AR13431 (Draft Decision Notice & Finding of No Significant Impact), AR13437-39 (Appendix A to Draft Decision Notice showing guideline departures), AR13478 (Final Decision Notice & Finding of No Significant Impact), AR13485-87 (Appendix A to Final Decision Notice showing guideline departures). The VEG-11 Guideline was never included among the guidelines from which the Project was deviating because the implementation of the Project falls squarely within the terms of that Guideline.

Nor is the Forest Service retaining as little as zero feet of basal area retention in two-age harvests, as Plaintiff alleges. *See* Pl's Mot., ECF 40, PageID 2046. The Forest Service instead stated that it is retaining 15 square feet of basal area so as not to interfere with oak regeneration, stated that it will retain a maximum of 15 square feet "averaged across the harvest area," and described the types of trees that will be retained to meet that 15-foot maximum retention. *See* AR13572 (describing primary and secondary preference for retained trees, including healthy white oak trees, "followed by other oaks *if the maximum basal area has not been reached*") (emphasis added), AR13587. There is no support in the administrative record for Plaintiff's contention that the Forest Service will allow retention of basal area down to zero feet under the Project.

13

Lastly, Plaintiff also provides no support for its contention that the basal area retained under the Sunny Oaks Project will somehow color future projects that may utilize two-age stands for the same or for other purposes. *See* Pl's Mot., ECF 40 at PageID 2047-48. The administrative record nowhere indicates that the Forest Service is permanently selecting the basal area retained under the Sunny Oaks Project for all stands in the future on the Wayne or other Forests such that it would somehow amount to a *de facto* Forest Plan directive or rulemaking, as Plaintiff alleges. The amount of basal area retained under the Project is instead a project-specific application of the guideline, not the precedent-setting decision Plaintiff asserts. *See Klein v. U.S. Dep't of Energy*, 753 F.3d 576, 585 (6th Cir. 2014) (project-specific assessment is not precedent setting).

Thus, even if Plaintiff's VEG-11 Guideline claim were not waived, it fails as a matter of law. Further amendment of the complaint to add this claim is thus futile for this reason as well.

## CONCLUSION

For the foregoing reasons, the Court should deny leave to further amend the complaint. Plaintiff's motion for leave should be denied in its entirety.

Respectfully submitted this 29th day of December, 2022.

        TODD KIM
        Assistant Attorney General
        Environment and Natural Resources Division
        United States Department of Justice

        */s/  Paul G. Freeborne*
        PAUL G. FREEBORNE
        Trial Attorney
        Natural Resources Section
        P.O. Box 7611
        Washington, D.C. 20044-7611
        Phone:  (202) 532-5271; Fax:  (202) 305-0275
        paul.freeborne@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on December 29, 2022, I filed the foregoing via the CM/ECF system which will provide electronic service to counsel of record.

*/s/    Paul G. Freeborne*
PAUL G. FREEBORNE
